```
                  UNITED STATES BANKRUPTCY COURT
                FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                         )
                               )     Chapter 7
MARY E. GOMEZ                  )
                               )     Bankruptcy No. 05-04716
     Debtor.                   )
                               )
```

**ORDER RE: SECOND APPLICATION FOR EXTENSION
OF ENTRY OF DISCHARGE ORDER**

This motion for Second Application for Extension of Entry of Discharge Order was filed on January 19, 2006.  Ms. Gomez filed her Chapter 7 bankruptcy petition on September 22, 2005.  She filed her first Application for Extension of Entry of Discharge Order on December 19, 2005.  This Court granted the order on December 21, 2005, extending the deadline for filing an adversary complaint to January 23, 2006.  Debtor's second extension request seeks until February 22, 2006 to file a dischargeability complaint.

**CONCLUSIONS OF LAW**

Rule 4007(a) allows either a debtor or a creditor to file a complaint to obtain a determination for the dischargeability of any debt.  Rule 4007(b) states "A complaint other than under § 523(c) may be filed at any time."  <u>Id.</u>  Rule 4007(c) requires that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."

Section 523(c) states "the debtor shall be discharged from a debt of a kind specified in paragraph (2),(4),(6), or (15) of subsection (a) of this section, unless . . . the court determines such debt to be excepted from discharge. . . ."

Rule 4004(c)(1)(E) states

> In a chapter 7 case, on expiration of the time fixed
> for filing a complaint objecting to discharge and
> the time fixed for filing a motion to dismiss the
> case under Rule 1017(e), the court shall forthwith

1

grant the discharge unless a motion to extend the time for filing a complaint objecting to the discharge is pending.

## ANALYSIS

The plain language of Rule 4007(c) states that the 60 day time limit only applies to a determination of dischargeability of debt under § 523(c). Debtor's future adversary action under § 523(a)(8) does not fall under the restraints imposed by § 523(c). Therefore, Rule 4007(c) does not apply.

Under Rules 4007(a) and (b), a Debtor may file a complaint to obtain a determination on the dischargeability of any debt that does not fall under § 523(c) at any time. If the case is closed, it may be reopened for the purpose of obtaining a determination of dischargeability under these Rules. Debtor is not required to file her § 523(a)(8) action prior to discharge.

Rule 4004(c)(1)(E) only applies to "motions to extend the time for filing a complaint objecting to discharge. . . ." Debtor's motion filed January 19, 2006 indicates she plans to file an adversary action to except a student loan debt from discharge, § 523(a)(8), not a complaint objecting to discharge, § 727(a). Rule 4004(c)(1)(E) does not apply to debtor's future adversary action.

## CONCLUSION

**WHEREFORE,** Mary E. Gomez' application for extension of entry of discharge order is DENIED.

**FURTHER**, Ms. Gomez is not prohibited from filing a complaint to obtain a determination on the dischargeability of her student loan debt under § 523(a)(8).

Dated and Entered: January 25, 2006.

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

2